IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE:<br><br>DEBRA L. NORRIS and<br>DARRYL L. NORRIS,<br>          Debtors | : Chapter 13<br>: Case No. 18-11022-AMC<br>: Consent Order Settling<br>: Capital One Auto Finance,<br>: a division of Capital One, N.A.'s<br>: Motion For Relief From The Automatic<br>: Stay Pursuant To 11 U.S.C. § 362 |

AND NOW, this _____ day of _____, 2020, this matter having come before this Court upon application of **Capital One Auto Finance, a division of Capital One, N.A.** (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtors, by its counsel, for relief from the automatic stays pursuant to 11 U.S.C. § 362;

AND it appearing that Debtors, *Debra L. Norris and Darryl L. Norris*, through Debtors' attorney, *Gary E. Thompson, Esquire,* have reached an agreement with regard to said Motion for Relief regarding a 2016 KIA Optima Sedan 4D LX I4, V.I.N. 5XXGT4L3XGG104782 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtors are indebted to *COAF* on a loan which enabled Debtors to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtors and;

It appearing that the Debtors are in arrears post-petition in the amount of *$1,489.53* ($1,183.53 in missed payments, plus $306.00 in attorney's fees and costs) as of March 17, 2020;

It appearing that the Debtors and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtors agree to pay *$248.26* monthly **beginning April 12, 2020** for the next **six (6)** months (with payments due on the **twelfth** of each month) to cure said arrears, while making regular monthly post-petition payments (*$591.93* per the Contract) due under the Contract beginning with the **April 12, 2020** payment **for a total monthly payment from April 12, 2020 through September 12, 2020 of *$840.19*,** wherefore,

It is hereby **ORDERED** and **DECREED** that if Debtors shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears

as set forth above and Debtors fail to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtors shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtors' default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is **FURTHER ORDERED** and **DECREED** that in the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

**Date: March 24, 2020**

BY T.

_____
Ashely M. Chan
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:   $ 1,183.53
Counsel Fees:            $   306.00
*Total:*                 *$ 1,489.53*

Creditor: Capital One Auto Finance,
a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 3/20/20

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtors: Darryl L. Norris and Debra L. Norris
By Counsel for Debtors: Gary E. Thompson, Esquire

By: _____
Gary E. Thompson, Esquire
150 E. Swedesford Road
1st Floor
Wayne, PA 19087
(610) 975-9737

DATED: 3/19/20

**Chapter 13 Trustee:**

By: /s/ Jack Miller
      William C. Miller, Esq.
      Chapter 13 Trustee
      P.O. Box 1229
      Philadelphia, PA 19105
      (215) 627-1377

\* **Trustee has no objection to its terms, without prejudice to any of our rights and remedies**

Please send copies to:

Darryl L. Norris
Debra L. Norris
914 N. Walnut Street
Coatesville, PA 19320

Gary E. Thompson
150 E. Swedesford Road
1st Floor
Wayne, PA 19087

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130